

January 30, 2024

**VIA ECF ONLY**

Hon. Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway, 4th Floor
Albany, New York 12207

> **Re:  Iron Workers Local 12 Pension Fund et al. v. J.D. Miscellaneous Metals, LLC et al - Civil Action No. 1:23-cv-1289 (MAD/DJS)**

Dear Judge Stewart:

Please be advised that we were recently retained by the defendants in the above-referenced matter, J.D. Miscellaneous Metals, LLC, George Peters, and David Jackson (collectively, "Defendants").  We write to request that the Court reopen Defendants' time to submit an answer to plaintiffs' complaint for seven (7) days or, in the alternative, schedule a conference to discuss resolution.

Prior to contacting our office, Defendants engaged in direct settlement discussions with representatives for the plaintiffs that ultimately failed due to discrepancies in the calculation of the amount due from Defendants which plaintiffs' seek to recover through this action.  After those settlement discussions proved unsuccessful and Defendants' deadline to answer plaintiffs' complaint expired, Defendants contacted our office.  We contacted plaintiffs' attorneys before we were formally retained to request an extension of Defendants' deadline to answer the complaint and discuss resolving the underlying dispute but were advised that a default judgment motion would be forthcoming.  To date, no motion has been filed.

We respectfully request that the Defendants be afforded the opportunity to submit an answer given the Court's preference for resolutions on the merits.  Indeed, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).  Moreover, Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend a filing deadline "for good cause" after the time for filing has expired "if the party failed to act because of excusable neglect."  In similar circumstances, this Court found "good cause" where delays were attributable to settlement discussions.  *See, e.g., New York State Teamsters Council Health & Hosp. Fund v. C & D Specialized Transp., Inc.*, WL 79176, at *1 (N.D.N.Y. 1995) ("We find that this delay, which was occasioned in a good faith effort to settle the parties' dispute, constitutes good cause . . . .")

Alternatively, should the Court not be inclined to grant Defendants' request for an opportunity to file an answer, we request the Court schedule a conference to discuss plaintiffs' anticipated default judgment motion and the overall resolution of this matter to avoid unnecessary motion practice.

150 State Street, Suite 504, Albany, NY 12207
p: 518.400.0955  | f: 518.734.0152  | e: matthew@thewagonerfirm.com
www.thewagonerfirm.com



Hon. Daniel J. Stewart
January 30, 2024
Page 2

      Thank you for your time and attention to this matter. Should you have any questions, please contact our office at (518) 400-0955.

      Respectfully submitted,

**THE WAGONER FIRM PLLC**

Matthew W. Rimkunas, Esq.

CC:    Kennth L. Wagner, Esq. (*via* ECF only)
        *Attorneys for Plaintiffs*
        Blitman & King LLP
        Franklin Center, Suite 300
        443 North Franklin Street
        Syracuse, New York 13204-5412